STATE, EX REL. PATRICK SHERIDAN, COLLECTOR, v. CHARLES H. STEVENSON, COLLECTOR OF CITY OF ELIZABETH.

1. The time fixed by the charter of the city of Elizabeth for payment of moneys collected for taxes, to the collector of the county of Union, on or before October 22d in each and every year, is not changed to December 22d by the re-enactment of section 11 of the general tax law in the Revision of 1874.

2. A general statute repealing all acts and parts of acts repugnant to the provisions therein contained, will not repeal a clause in a municipal charter upon the same subject matter.

3. Where the city treasurer has the money in hand, and is without legal excuse for delay in payment of state and county taxes, he is chargeable with interest. *State* v. *Van Winkle,* 14 *Vroom* 125.

On petition for *mandamus* to compel the defendant, as treasurer of the city of Elizabeth, to pay to the relator, collector of the county of Union, $85,652.12, the quota of state, school and county taxes due the relator as collector for the year 1881, with interest from October 22d, 1881. On the return of the rule to show cause why the writ should not issue December 3d, 1881, the respondent paid the principal sum, $85,652.12, but refuse to pay interest. The rule was continued and evidence taken for hearing.

Argued at February Term, 1882, before Justices SCUDDER and KNAPP.

For the relator, *P. H. Gilhooly.*

For the respondent, *Frank Bergen.*

The opinion of the court was delivered by

SCUDDER, J. The only question left for consideration in this case is, whether the respondent should pay interest on the

amount of state and county taxes from October 22d, 1881, to December 3d, 1881, amounting to $585.29. The answer depends on the true response to the point in dispute between the parties, at what time these taxes are due and payable from the treasurer of the city of Elizabeth to the collector of the county of Union.

The charter of the city of Elizabeth, approved March 4th, 1863, section 74, enacts " that the duties which the collectors of the several townships are required to perform by the tenth section of the act entitled ' An act concerning taxes,' shall be performed by the receiver of taxes on the 1st day of August, in each year hereafter, and the provisions of the eleventh section shall be construed to relate to the 1st day of August; except that the time of payment of moneys to the collector of the county of Union shall be on or before *the 22d day of October, in each and every year.*"

A supplement approved April 4th, 1872, section 11 directs that the treasurer, among other duties, " shall receive and receipt for and safely keep all moneys payable into the city treasury ;" by section 13 the city treasurer shall pay no money out of the city treasury *except for state and county taxes,* unless on a warrant drawn and countersigned by the comptroller, &c. A part of the money, therefore, which the treasurer is to receive, receipt for, safely keep and pay over to the county collector, is the state and county taxes. He is substituted for the receiver of taxes in the performance of this duty, and the charter of 1863, section 74, directs that the payment shall be made on or before October 22d, in each and every year. No act has changed this time of payment, unless it be that it has been done, constructively, by the re-enactment of the act concerning taxes in the revision of the laws, approved March 27th, 1874, to take effect from and after January 1st, 1875. Section 11 of the act concerning taxes, of April 14th, 1846, referred to in section 74 of the charter of 1863, directs that the township collector shall pay the taxes by him collected, and the fines and forfeitures by him received by virtue of any law of this state, to the collector of the county, by the 22d

*day of December in every year.* . This section re-enacted in the revision of our laws, it is claimed, changes the time given in the charter for the payment of state and county taxes from October 22d to December 22d, in every year thereafter.

By the act relative to statutes, approved March 27th, 1874, (*Rev., p.* 1120, § 1,) from and after January 1st, 1875, certain acts and parts of acts are repealed; then follows the general repealing clause, repealing all statutes and parts of statutes consolidated and re-enacted in the Revised Statutes or repugnant to the provisions therein contained. By statute approved April 9th, 1875, the time when the repeal is to take effect is changed to May 1st, 1875. It is manifest that the enactment by which the treasurer of the city of Elizabeth takes the place of a collector of taxes in the townships, and is required to pay over the state and county taxes to the county collector, on or before October 22d, in each and every year, is not repealed by the general repealing clause, for this part of the charter of Elizabeth is not consolidated in the Revised Statutes, nor is it repugnant to the provisions therein contained. A general statute repealing all acts or parts of acts contrary to its provisions, will not be held to repeal a clause in any municipal corporation upon the same subject matter. This has been the language of our courts since *State* v. *Branin*, 3 *Zab.* 484. The repealing clause must be so expressed as to manifest the legislative intention to include all acts, whether special or local or otherwise, inconsistent with the provisions of the act. *Mechanics' Bank* v. *Bridges*, 1 *Vroom* 112. The change of a city charter must be made by express words or by necessary implication. *State, Gorman, pros.,* v. *Mills,* 5 *Vroom* 177.

Within these rules, so well defined and understood, this general statute will not be held to change the time of payment in the charter of the city of Elizabeth from October 22d to December 22d, in each and every year.

It is admitted that the city treasurer had moneys in his hands at the time when the state and county taxes were payable, which he could have appropriated to the payment of these taxes. He is without legal excuse for his delay in pay-

ment, and, according to the recent decision of this court in *Sheridan* v. *Van Winkle*, 14 *Vroom* 125, he is chargeable with interest from October 22d, 1881, until December 3d, 1881, when the payment of the principal amount claimed was paid.

A *mandamus* for the payment of this interest will be allowed.